UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CR-5-01-F
No. 5:10-CV-518-F

| | |
|---|---|
| ROBIN ALEXANDER KELLY,<br>    Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | <u>O R D E R</u> |

This matter is before the court for ruling on the Government's Motion to Dismiss [DE-45] Robin Alexander Kelly's ("Kelly") § 2255 motion. The Government contends that Kelly's November 9, 2010, Motion to Vacate, Set Aside, or Correct his Sentence [DE-40] fails to state a claim a claim upon which relief may be granted, and therefore must be dismissed pursuant to Rule 12(b)(6), FED. R. CIV. P. Kelly filed a response, entitled Traverse [DE-48], in opposition to the Government's motion.

**Factual and Procedural Background**

Kelly was charged in a five-count Superseding Indictment [DE-18] on February 4, 2009, with one count of conspiracy to distribute and possess with the intent to distribute more than fifty (50) grams of crack; one count of distribution of more than five (5) grams of crack; two counts of distribution of a quantity of crack; and one count of possession with the intent to distribute more than five (5) grams of crack. The charges in the Superseding Indictment exposed him to a total term of life imprisonment, plus 120 years.

Before the Government filed the Superseding Indictment, the Government had appealed Kelly's pretrial release order, *see* [DE-11], by the Magistrate Judge on the original Indictment [DE-1] filed January 8, 2009. The undersigned vacated the release order and ordered Kelly detained pending trial, after reviewing the audio recording of the detention hearing and

considering arguments of counsel. *See* Order Vacating Release [DE-13]. That order reveals that the undersigned received and considered evidence of Kelly's serious medical conditions, including kidney cancer and sickle cell anemia, together with evidence concerning the charged offenses, Kelly's family situation, Kelly's criminal record and experience with the criminal justice system, Kelly's employment history, unprotected statements Kelly allegedly made to law enforcement officers, and the nature and seriousness of the danger of to any person or the community that would be posed by Kelly's release. Kelly waived initial appearance on the Superseding Indictment. *See* [DE-21].

Kelly, with the assistance of appointed counsel, Ms. Darrow, entered into an agreement with the Government whereby he pled guilty to the single conspiracy charged in Count One, which carried a minimum term of 10 years and a maximum term of life imprisonment. The Government agreed to dismiss the remaining counts against Kelly.

After entry of the guilty plea but before sentencing, counsel filed a Motion Seeking Immediate Medical Attention [DE-27]. Therein, Ms. Darrow again detailed the nature and extent of Kelly's medical conditions and sought an order directing the United States Marshal Service to ensure that he receive medical attention, including administration of all necessary medications. The court declined to enter the order as requested, but acknowledged concern for Kelly's condition and stated, *inter alia*, "[t]he court is confident that the United States Marshal will look into defendant's complaints and will take whatever action is determined by attending physicians to be medically necessary." Order [DE-28], at p. 1.

The court allowed Ms. Darrow to file a Sentencing Memorandum [DE-29] out of time, *see* Order [DE-31], and heard argument from the Government and Ms. Darrow concerning the appropriate sentence. Among the many facts the court considered during the July 22, 2009, sentencing hearing were the fact and nature of the offenses underlying Kelly's career offender

Because he had waived his right to appeal a sentence within the advisory USSG range and to seek collateral review of his conviction or sentence except an appeal or motion based on grounds of ineffective assistance of counsel not known to him at the time of his guilty plea, *see* Plea Agreement [DE-26], ¶ 2c, Kelly did not file a direct appeal and he did not file a § 2255 motion within the one-year period of limitations.[2] Rather, Kelly filed the instant motion pursuant to 28 U.S.C. § 2255 on November 9, 2010, *see* [DE-40], together with a Memorandum [DE-41] and Affidavit [DE-44]. The Government responded with a Motion to Dismiss pursuant to Rule 12(b)(6), *see* [DE-45], supported by a Memorandum [DE-46]. Kelly timely responded with a Traverse [DE-48]. The matter then was referred to the undersigned for disposition.

## Premises of the § 2255 Motion

The gravamen of Kelly's § 2255 motion was that he received ineffective assistance of counsel because Ms. Darrow intentionally gave him false advice concerning his ability to challenge his designation as a career offender. As a result of the misinformation, he agreed not to file a direct appeal and did not meet the one-year statute of limitations for filing a § 2255 motion. Specifically, Kelly contends that he specifically advised Ms. Darrow to file a notice of appeal following his sentence. However, he contends she counseled him against doing so because they anticipated the Government's filing a Rule 35(b) motion for reduction of his sentence and told him that she would at that time cause the career offender designation to be corrected. Kelly contends his reasonable reliance on that erroneous advice resulted in prejudice to him, and that he did not learn the truth about the waiver/career offender designation/Rule 35 relationship until Ms. Darrow informed him on August 10, 2010, that his sentence had been reduced. Kelly contends had he known that Ms. Darrow would not/could not raise the career

---

[2] Kelly's conviction and sentence became final ten days after he was sentenced on July 22, 2009, and the limitation period expired one year later – on or about August 2, 2010.

4

offender designation at the Rule 35(b) hearing, he would have both taken a direct appeal of his sentence and filed a § 2255 motion with the limitation period.

He contends his November 9, 2010, § 2255 motion should be deemed timely pursuant to subjection (f) (5) of that statute, which provides for one year from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence" within which to file a § 2255 motion. Alternatively, he contends this court should exercise equitable tolling to excuse the delay, in light of the faulty legal advice he obtained and/or because the Government waited to file its Rule 35(b) motion until after expiration of the one-year limitation period.

The Government's Memorandum [DE-46] in support of its Motion to Dismiss explains, *inter alia*, that Kelly is mistaken in his understanding of how his advisory USSG range was calculated. Specifically, the Government points out that the career offender designation had, in fact, been appropriate and that the advisory USSG range adopted by the court was correct after all.

Responding to the Government's motion to dismiss, Kelly, in his Traverse [DE-48], concedes that he misunderstood the career offender calculation and admits that it was not actually erroneous. However, he argues that he still received ineffective assistance of counsel because Ms. Darrow failed to ensure that the court fully took into consideration the impact a 200-month + sentence would have on him in light of his serious medical conditions. He contends she rendered ineffective assistance because, in fact, the initial 294-month sentence amounted to a "life sentence," *see* Traverse [DE-48] at p. 2, and because her subsequent failure to raise his medical conditions as a factor for consideration at his Rule 35(b) hearing, resulted in a virtual "death sentence," *id.* at pp. 2-3. Additionally, he contends Ms. Darrow was ineffective for failing to appeal the Order reducing his sentence to 220 months on the Government's Rule 35(b) motion. *See* Order [DE-37].

5

**Analysis**

The resolution of the instant motion is entirely fact-specific and will not provide any fodder for citation in future cases. For that reason, and because Kelly has proved his firm grasp on the jurisprudence relative to direct and collateral criminal proceedings, *see generally* Kelly's § 2255 Motion [DE-40], Kelly's Memorandum [DE-41], Kelly's Affidavit [44], and Kelly's Traverse [DE-48], the court declines to engage in a recitation of the established standard-of-review law thoroughly expounded in cases such as *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544 (2007); and *Strickland v. Washington*, 466 U.S. 668 (1984).

1. <u>Career Offender Factual Basis for November 2010 § 2255 Claim</u>

The court had determined on its initial review of Kelly's § 2255 motion that summary dismissal pursuant to Rule 4, RULES GOVERNING § 2255 PROCEEDINGS was not then appropriate, and therefore directed the Government to file an Answer or otherwise respond to the motion. *See* Order [DE-43]. When the Government's Rule 12(b)(6) motion became ripe after Kelly had filed his Traverse, the undersigned had the benefit of both the Government's position on the matter as well as Kelly's concession that the factual premise on which his § 2255 motion had been based (faulty career offender designation) was, in fact, fatally flawed

Kelly's Traverse makes clear that he and his lawyer fully discussed the option of appeal and reached an agreement that one would not be filed in hopes of continuing to curry the Government's favor and receiving a Rule 35(b) motion. Because the decision not to appeal was a strategic one and counsel did not fail to discuss with her client the pros and cons of that decision, failure by counsel to file notice of appeal was not *per se* ineffective.

> [C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known. *See* [*Strickland*, 466 U.S.] at 690 (focusing on the totality of the circumstances).

6

> Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

*Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). Hope of receiving a Rule 35(b) motion for a reduction in sentence is a well-accepted reason not to file a direct appeal; sometimes the hope is justified, as here, but sometimes it is not.

The same anticipation also frequently informs a decision not to pursue collateral relief from a judgment, as by § 2255 litigation. *Cf. United States v. Scott*, No. 2:04-CR00009, 2010 WL 1490361, slip op. at *6 (W.D. Va. April 14, 2010) (holding that explanation for tardy § 2255 – promise of a future Rule 35(b) motion – contradicted sworn statements in plea agreement that no other promise existed, and refusing to deem motion timely). Again, too, the question may be guided or compelled by provisions of a plea agreement. Here, even had Kelly filed a direct appeal *and* a timely § 2255 motion on grounds he was improperly sentenced as a career offender, his own subsequent investigation, as revealed in his Traverse, convinced him that his career offender theory was misguided and would not have afforded him relief. The court concludes that the record demonstrates Kelly did not suffer *Strickland* prejudice as a result of either the failure to appeal his July 2009, sentence or to seek timely § 2255 relief on that career offender/ineffective assistance theory.

2. "Medical Conditions" Factual Basis for January 2011 § 2255 Claim

Kelly's Traverse [DE-48] raised on January 18, 2011, for the first time in these collateral proceedings, the argument that Ms. Darrow had been ineffective for failing to effectively pursue as grounds for a lesser sentence his serious medical condition, *both* at sentencing *and* on the

7

Government's Rule 35 (b) motion for a reduction in sentence, and for failing to take a direct appeal of the August 4, 2010, Order [DE-37] modifying his sentence. That is, he seeks in his Traverse to introduce new grounds for § 2255 relief.

   a. *"Medical Conditions" Grounds – appeal & § 2255 motion from initial sentencing*

The "medical conditions" grounds for a direct appeal and for a § 2255 motion arising from Kelly's *initial sentencing* were not raised at all until he filed his January 2011, Traverse, well after expiration of the one-year period prescribed by § 2255 (f) (1). He has not suggested that the factual basis for that theory is newly discovered, or that there has been an intervening retroactive change in the law. *See* § 2255 (f) (2-4). He *does* suggest that Government action placed an impediment in his way of filing a timely "medical conditions" collateral challenge to the initial sentence by intentionally delaying the filing of its Rule 35(b) motion until too close to the expiration of the § 2255 (f) (1) deadline. Therefore, he argues that his November 9, 2010, § 2255 motion was timely under § 2255 (f) (5). *See* Traverse [DE-48] at p. 4. Alternatively, he contends that the court should equitably toll the delay due to the extraordinary circumstances caused by the Government's intentional delay, and thereby deem the § 2255 motion timely.

However, the record on its face vitiates Kelley's timeliness argument with regard to his ability to appeal his sentence or to file a "medical conditions" § 2255 motion based on alleged ineffectiveness of Ms. Darrow to raise that theory as grounds for a lesser sentence at his initial sentencing hearing in July 2009. The court's contemporaneous notes and independent recollection, supported by Ms. Darrow's Sentencing Memorandum [DE-29], reflect that the serious nature and extent of Kelly's medical conditions actually were the centerpiece of her argument for a lesser initial sentence than suggested by the correctly calculated advisory USSG range. Thus, there is no factual predicate for either an appeal or a § 2255 motion on the theory that Ms. Darrow failed to argue for a lower initial sentence on grounds of Kelly's serious medical conditions. She did, in fact, make the argument, but it failed to have the desired effect.

8

b. *Medical Conditions Grounds – appeal and § 2255 motion from modification*

i. <u>Appeal of Rule 35(b) Modified Sentence</u>

Kelly initially was sentenced on July 22, 2009. As required by Rule 35(b), the Government timely filed its motion for reduction of sentence within one year of that date on June 24, 2010. *See* § 2255 (f)(1). The motion hearing was scheduled *by the court* for the term of court beginning on August 2, 2010. The sentence was modified by Order entered immediately after the Rule 35(b) hearing on August 4, 2010 [DE-37]. Ms. Darrow did not argue at the Rule 35(b) hearing that a new sentence should reflect, not only Kelly's subsequent substantial assistance but also the serious medical conditions of which the court had been made fully aware in July 2009. Kelly did not appeal the August 4, 2010, modified sentence based on the Government's Rule 35(b) motion, within the requisite ten-day period. He did not raise that failure-to-appeal-modified-sentence argument in his § 2255 motion.

Nor has Kelly suggested how he was prevented from timely appealing Ms. Darrow's alleged failure to argue at the Rule 35(b) hearing for a lower reduced sentence in light of Kelly's serious medical conditions. His own affidavit confirms that he was aware of all the facts necessary to file a timely appeal of the modified sentence at the time he received his lawyer's letter on August 10, 2010. He did not do so, and did not raise the medical conditions appeal argument until he filed his Traverse [DE-48] in January 2011.

ii. <u>Section 2255 Collateral Attack on Rule 35(b) Modified Sentence</u>

Kelly did attempt to raise a new ground for § 2255 relief based on the "medical conditions" argument in his January 2011 Traverse, which *was* filed within one year of the August 4, 2010, Rule 35(b) order reducing Kelly's sentence to 220 months. Kelly appears to argue that the August 4, 2010, order reducing Kelly's sentence upon Rule 35(b) motion by the Government may be the subject of a new § 2255 motion alleging ineffective assistance of defense

9

counsel for failing to raise the medical conditions argument at the Rule 35(b) motions hearing. That is, he seems to contend that the order modifying his sentence under Rule 35(b) triggers a new one-year limitation period for challenging that modified sentence pursuant to § 2255. Therefore, he reasons, the "medical-conditions"-ineffective-assistance-at-Rule-35(b)-hearing § 2255 claim he attempts to raise in his Traverse is timely because it was raised within one year of the Rule 35(b) order modifying his sentence.

It is well-established that an order reducing a sentence upon motion by the Government pursuant to Rule 35(b) is not a new "judgment of conviction" from the date of which a § 2255 motion challenging defense counsel's performance at the *original* sentencing may timely be made. *See, e.g., United States v. Sanders*, 247 F.3d 139, 142-44 & n.2 (4th Cir. 2001). To the extent Kelly's allegations could be read as based on that argument, they are meritless. To the extent he alleges that the Rule 35(b) order modifying his sentence gives rise to a brand-new § 2255 opportunity to challenge his lawyer's performance *in the Rule 35(b) process*, the analysis is a little different but the result is the same.

Recently, the Eleventh Circuit Court of Appeals engaged in a lengthy exploration of the ramifications a Rule 35(b) motion and order can bring to bear on potential collateral relief from a conviction and sentence. The petitioner in that case, Robert Murphy, primarily argued that the district court's allowing a Rule 35(b) motion to reduce his sentence triggered a new one-year limitations period for attacking his conviction and sentence. Consistent with the decisions of its sister circuit courts, the Eleventh Circuit concluded that a Rule 35(b) reduction in sentence does not re-start the § 2255 clock. *See Murphy v. United States*, ___ F.3d ___, Nos. 07-17823, 07-14825, 2011 WL 782243, slip op. at *4 (March 8, 2011).

Murphy insisting, however, that such a result was inconsistent with prior Eleventh Circuit precedent construing the limitations period governing habeas corpus petitions under 28 U.S.C. § 2254, citing *Ferreira v. Secretary, the Dept. of Corrections*, 494 F.3d 1286 (11th Cir.

10

2007), Murphy argued that any modification of a sentence results in a new judgment. *See id.* at *5. The *Murphy* panel distinguished the *Ferreira* case in that the latter had involved state habeas cases under § 2254, and Murphy's case challenged a federal conviction under § 2255. Congress's precise definition of "judgment" in 28 U.S.C. § 2244(d)(1) cannot be extended to determine the finality of a "judgment of conviction" under § 2255. *See id.* at *6. 18 U.S.C. § 3582(b)(2) specifically provides that "[n]otwithstanding the fact that a [federal] sentence to imprisonment can subsequently be . . . corrected pursuant to the provisions of [Rule 35(b)], a judgment of conviction that includes a such a conviction constitutes a final judgment for all other purposes." The one-year limitations period prescribed in § 2255 begins to run on "the date on which the [prisoner's] *judgment of conviction* becomes final." 28 U.S.C. § 2255 (f)(1) (emphasis added).

In pertinent part, the *Murphy* panel explained,

> the Government's Rule 35(b) motion is merely a "plea [ ] for leniency," a matter of executive and judicial grace. *Brown v. United States*, 480 F.2d 1036, 1039 (5th Cir. 1973). In fact, it is impossible for the "the validity of the underlying conviction, and, indeed, of the sentence itself" to be at issue in a Rule 35(b) proceeding. *Id.*; *see also United States v. White*, 251 Fed. Appx. 658, 659 (11th Cir. 2007) ("Contrary to White's assertion, Rule 35(b), by its own terms, provides for a reduction of a sentence, not the vacating of a sentence and a resentencing."). If the validity of the underlying conviction or sentence cannot be at issue in a Rule 35(b) proceeding, it makes no sense to say that a Rule 35(b) reduction constitutes a genuine "resentencing" that gives rise to a new "judgment" that imprisons the § 2255 movant. *See Berman v. United States*, 302 U.S. 211, 212-14, 58 S. Ct. 164, 166, 82 L. Ed. 204 (1937) (holding that once a sentence is imposed, it is a valid final judgment until it is reversed or vacated). Instead, a defendant imprisoned by a sentence that has been reduced under Rule 35(b) is still serving the original, valid, and final judgment of conviction and sentence. *See Ferreira II*, 494 F.3d at 1292 (concluding that the relevant judgment for the purposes of § 2254 is "the one that places the petitioner in custody.").

*Murphy*, ___ F.3d ___, 2011 WL 782243, slip op. at * 6 (footnotes omitted).

Like Murphy, Kelly was the recipient of a reduction in his sentence by virtue of an order allowing the Government's Rule 35(b) motion; his sentence was not vacated and replaced with a new sentence. Kelly is still serving the original, valid, and final judgment of conviction and

11

sentence entered on July 22, 2009. This court's August 5, 2010, order modifying that sentence pursuant to Rule 35(b) does not trigger a new one-year limitations period within which to attack that sentence under any subsection of § 2255.

More fundamentally, the Fourth Circuit Court of Appeals has determined that there is no constitutional right to counsel in a proceeding initiated by the Government's Rule 35(b) motion. *See United States v. Taylor*, 414 F.3d 528 (4th Cir. 2005) (explaining that "because a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction, *a fortiori*, he has no such right when the government makes a motion which can only benefit him by reducing his already final sentence"). Therefore, regardless of when it was filed, no legal basis exists for a § 2255 claim, if any, that Kelly's lawyer rendered ineffective assistance of counsel by failing at his Rule 35(b) hearing to argue for a lower reduced sentence in light of his medical conditions.

**Summary**

In short, there exist no legal or factual bases upon which Kelly's § 2255 motion can provide him relief from his sentence. His arguments are barred by the statute of limitations, precluded by law, or belied by the record. The court nevertheless has reviewed this matter in its entirely and concludes that Kelly is not entitled to relief from his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth herein and fully supported by the record, together with this court's independent recollection of the pertinent events, the court concludes that the Government is entitled to judgment as a matter of law. Accordingly, the Government's Motion to Dismiss [DE-45] is ALLOWED, Kelly's Motion to Vacate, Set Aside and Correct his Sentence [DE-40] pursuant to § 2255 is DENIED, and this action is DISMISSED.

**Certificate of Appealability**

Rule 11 of the Rules Governing § 2255 Proceedings provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

Having determined Kelly is not entitled to relief and the Government is entitled to dismissal of Kelly's petition, the court considers whether Kelly nonetheless is entitled to a certificate of appealability with respect to one or more of the issues presented in his petition. A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)(B). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate that reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).

After reviewing the claims presented in Kelly's § 2255 motion in light of the record and the applicable law, the court finds reasonable jurists would not find the court's treatment of Kelly's ineffective assistance claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. The court declines to issue a certificate of appealability.

The Clerk of Court is DIRECTED to close this case.

SO ORDERED.

This, the ___11___ day of April, 2011.

                                                  JAMES C. FOX
                                                  Senior United States District Judge

13