IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CR-5-1-F
No. 5:12-CV-530-F

| | |
|---|---|
| ROBIN ALEXANDER KELLY,<br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | )<br>)<br>)<br>)  ORDER<br>)<br>)<br>) |

Robin Alexander Kelly ("Kelly") pled guilty to a charge of conspiracy to distribute and to possess with the intent to distribute fifty (50) grams or more of cocaine base ("crack") in violation of 21 U.S.C. § 846 and § 841(a)(1). See Plea Agreement [DE-26]. The Government dismissed the Original Indictment and Counts Two through Five of the Superseding Indictment in exchange for Kelly's plea of guilty to the Count One of the Superseding Indictment.

Kelly was sentenced to 294 months imprisonment to be followed by 5 years supervised release. See Judgment [DE-33]. On August 4, 2010, the court reduced Kelly's sentence to 220 months. See Sealed Order [DE-37].

On November 9, 2010, Kelly filed a Motion to Vacate, Set Aside or Correct his conviction and sentence pursuant to 28 U.S.C. § 2255. See [DE-40]. The Government responded by filing a Motion to Dismiss [DE-45], which was allowed by order of April 11, 2011, see [DE-49], after consideration of Kelly's opposition thereto [DE-48].

On August 17, 2012, Kelly filed the instant § 2255 motion through appointed counsel. See [DE-53]. Again, the Government filed a motion to dismiss. See [DE-56]. On September

28, 2012, Kelly's court-appointed attorney moved for leave to withdraw, explaining that she has related to Kelly her assessment of the Government's grounds for dismissal and has concluded that she fully had expressed Kelly's position in the § 2255 motion [DE-53].

The gravamen of Kelly's successive § 2255 motion is that the Fourth Circuit Court of Appeals' ruling in <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011), renders his conviction and sentence unlawful because he would not have pleaded guilty had he known that the Fourth Circuit would reverse its long-held interpretation of the effect of the North Carolina Structured Sentencing Act on certain terms applied in federal sentencing. As the Government points out, however, the instant motion represents Kelly's second § 2255 motion arising from this conviction and, therefore, this court lacks jurisdiction to review it absent authorization by the Fourth Circuit Court of Appeals.

Furthermore, even if this were a first § 2255 motion and not procedurally barred, it does not state a claim upon which relief is available. Even applying the appellate court's *Simmons* construction to Kelly's prior state convictions, he correctly is designated as a career offender pursuant to U.S.S.G. § 4B1.1, because his Presentence Report reveals at least two qualifying predicate state convictions at the time of the instant offense. <u>See</u> Government's Memorandum [DE-57], pp. 3-5. Accordingly, the Government's Motion to Dismiss [DE-56] is ALLOWED, and Kelly's successive § 2255 petition is DISMISSED. Ms. Darrow's Motion to Withdraw [DE-58] is ALLOWED.

2

## Denial of Certificate of Appealability

Having denied Robin Alexander Kelly's § 2255 petition [DE-53], the court must determine whether Kelly has made a sufficient showing to entitle him to a certificate of appealability pursuant to § 2253(c), which provides that:

> (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).

Here, a careful review of Kelly's motion, together with the record herein, leads the court to find that he has not met the standard for issuance of a certificate of appealability with regard to the instant order denying his § 2255 motion. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This, the 1st day of October, 2012.

*/s/ James C. Fox*
JAMES C. FOX
SENIOR UNITED STATES DISTRICT JUDGE